**XIAO JUN ZHOU, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE & Attorney General Gonzalez,\* Respondents.**

**No. 03–4829.**

United States Court of Appeals, Second Circuit.

Jan. 11, 2006.

Bruno Joseph Bembi, Hempstead, NY, for Petitioner.

Emily S. Reisbaum, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, on the brief, Sara L. Shudofsky, Assistant United States Attorney), New York, NY, for Respondent, of counsel.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Circuit Judges, and Hon. MARK R. KRAVITZ,\*\* District Judge.

**SUMMARY ORDER**

Petitioner Xiao Jun Zhou, a citizen of China, petitions this Court for review of an April 17, 2003, order of the Board of Immigration Appeals ("BIA") affirming the February 23, 2003 decision of an Immigration Judge ("IJ"), denying Zhou's application for Asylum under the Immigration and Nationality Act ("INA") § 208(a), 8 U.S.C. § 1158(a) and withholding of re-

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is substituted for former Attorney General John Ashcroft as Respondent.

\*\* The Honorable Mark R. Kravitz, of the United States District Court for the District of Connecticut, sitting by designation.

moval under INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), but granting Zhou's request for relief under the United Nations Convention Against Torture and its implementing regulations. 8 C.F.R § 208.16(c).***

The IJ found that Zhou was barred from obtaining asylum under 8 U.S.C. § 1101(a)(42) or withholding of removal under 8 U.S.C. § 1231(b)(3)(B)(i), both of which deny relief to anyone who "ordered, incited, assisted, or otherwise participated in the persecution" of any person on account of that person's "race, religion, nationality, membership in a particular social group, or political opinion." The IJ determined that Zhou's testimony was credible but concluded that his actions while serving as a doctor in a military hospital, in which Zhou suffocated, with an intent to kill, a newborn baby—despite having been committed on orders from his superiors and despite Zhou's abandonment of the murder upon seeing the baby turn blue—constituted "participation in persecution" under the INA, barring relief.

Where the BIA summarily affirms the decision of the IJ, this Court reviews the IJ's decision directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). We review the IJ's conclusions of law *de novo*. *Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 66 (2d Cir.2002).

On appeal, Zhou primarily argues that he ought not be barred from relief because to the extent that he participated in persecution, such participation was not voluntary and was done only on orders from his military superiors. This argument is foreclosed by this Court's recent decision in *Xie v. INS*, 434 F.3d 136 (2d Cir.2006), where we concluded that the driver of a van used to transport women for forced abortions pursuant to China's family plan-

ning policies constituted assistance in persecution even though the petitioner had let one such woman escape when, for the first time, he and his passenger were unaccompanied by an unarmed guard. In response to Xie's argument that his conduct had not been voluntary, we noted that in determining whether someone participated or assisted in persecution for the purposes of the INA, "we look[ ] not to the voluntariness of the person's actions, but to his behavior as a whole. Where the conduct was active and had direct consequences for the victims, we conclude[ ] that it was 'assistance in persecution.'" 434 F.3d at 143.

Zhou was present at meetings in which the murder of the baby was discussed, and he accepted his orders to perform the act himself. That he abandoned the murder when the horrifying consequences of his conduct overwhelmed him and that his conduct may not have been the ultimate cause of the baby's death does not change the fact that his initial actions constituted "active" participation in persecution and would have had "direct consequences" for the mother and the child but for the intervening murder of the baby by Zhou's superior.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DENIED.

*** The issue of the grant of the request for relief under the Convention is not before us.